UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED PARCEL SERVICE, )<br>)<br>Defendant. )<br>) | CIVIL ACTION NO.<br><br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Eugenio D'Oliveira, who was adversely affected by such practices. As set forth with greater particularity in Paragraph 8 below, the Commission alleges that on or about July 30, 2004, Defendant United Parcel Service discriminated against Eugenio D'Oliveira because of his disability, when it terminated him from his position as a Sorter/Loader. Specifically, the Commission contends that Mr. D'Oliveira was discriminated against when he was discharged after Defendant claimed that because of his disability, Mr. D'Oliveira was a direct threat to himself or others. In addition, the Commission alleges that Mr. D'Oliveira was discriminated against when Defendant failed to explore whether any alleged risk of harm could be reduced by way of a reasonable accommodation in the form or reassignment, or job modification, instead of discharge. Because of the discriminatory discharge, Mr. D'Oliveira suffered severe emotional distress and back pay damages.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission, (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, United Parcel Service, (the "Employer"), a Pennsylvania corporation, has continuously been doing business in the Commonwealth of Pennsylvania and the City of Horsham, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity under Section

2

101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Eugenio D'Oliveira filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least on or about July 30, 2004, Defendant Employer has engaged in unlawful employment practices at its Horsham, Pennsylvania facility in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a), by terminating Charging Party Eugenio D'Oliveira, a qualified individual with a disability, from his employment because of his disability. The alleged unlawful practices include, but are not limited to, the following:

(a) Eugenio D'Oliveira began working for Defendant Employer in or about October 1987 as a Sorter/Loader.

(b) At all relevant times during his seventeen (17) years of employment with Defendant, Mr. D'Oliveira satisfactorily performed in the position of Sorter/Loader, and never received any discipline or safety violations.

(c) In or about 1995, Mr. D'Oliveira was diagnosed with Retinitis Pigmentosa, a permanent degenerative condition which substantially limits the major life activity of seeing. However, despite his impairment, at all relevant times, Mr. D'Oliveira successfully performed the essential functions of the Sorter/Loader position without any accommodation.

(d) In late November 2003, Mr. D'Oliveira was assigned a new supervisor, Terrence Jefferson. Within three months, Jefferson complained to Defendant that Mr. D'Oliveira posed a safety risk to himself and his co-workers. At no time did Mr. D'Oliveira's supervisor document any

3

incidents of alleged safety concerns, or issue any discipline to him for any alleged safety violations.

(e)  On or about April 4, 2004, Defendant met with Mr. D'Oliveira and requested that he submit to a medical examination and submit medical documentation regarding his disability. During this meeting, Mr. D'Oliveira never requested or informed Defendant that he needed an accommodation to perform the Loader/Sorter position. However, at the conclusion of this meeting, Defendant suspended Mr. D'Oliveira from his position, concluding that his disability posed a direct threat to himself and/or others.

(f)  On or about June 7, 2004, Mr. D'Oliveira's physician provided Defendant with Mr. D'Oliveira's medical information, as requested by Defendant on its Request for Medical Information Form.

(g)  After reviewing the brief medical comments provided by Mr. D'Oliveira's physician, Defendant concluded that Mr. D'Oliveira was unable to perform the essential functions of the Sorter/Loader position.

(h)  At no time did Defendant confer with Mr. D'Oliveira's physician to verify that Mr. D'Oliveira was unable to perform the essential functions of the Sorter/Loader position. Rather, without any objective medical or factual evidence, Defendant simply incorrectly concluded that Mr. D'Oliviera was a direct threat to himself or others.

(i)  Although Mr. D'Oliveira never requested an accommodation during his employment, and although he could perform the functions of his position without an accommodation, on or about July 16, 2004, Defendant met with Mr. D'Oliveira to discuss his need for an accommodation. During this meeting, Defendant requested that Mr. D'Oliveira complete a checklist identifying his limitations and desired accommodations. Mr. D'Oliveira was compelled by Defendant to identify

some type of accommodation, and informed Defendant that he desired brighter lighting in some areas of the facility, and suggested that Defendant allow him to unload certain trucks.

(k) Although Defendant contends that Mr. D'Oliveira's disability caused a direct threat to himself or others, Defendant failed to carry its burden to attempt to reduce any alleged risk by way of a reasonable accommodation in the form of reassignment or job modification.

(l) On or about July 30, 2004, in violation of the American's With Disabilities Act, and after incorrectly concluding that Mr. D'Oliviera could not perform the essential functions of his job, concluding that he was a direct threat to himself or others due to his disability, and failing to determine whether any alleged risk could be reduced to an acceptable level by way of reasonable accommodation, Defendant terminated Mr. D'Oliveira's employment.

9. The effect of the practices complained of in Paragraph 8 (a) through (l) above has been to deprive Eugenio D'Oliveira of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability, Retinitis Pigmentosa.

10. The unlawful employment practices complained of in Paragraph 8 (a) through (l) above were intentional.

11. The unlawful employment practices complained of in Paragraph 8 (a) through (l) above were done with malice or with reckless indifference to the federally protected rights of Eugenio D'Oliveira.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.   Grant a permanent injunction enjoining the Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from discriminating against disabled employees, and from engaging in employment practices which discriminate on the basis of disability.

B.   Order the Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.   Order Defendant Employer to make whole Eugenio D'Oliveira, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.   Order Defendant Employer to make whole Eugenio D'Oliveira by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraph 8 (a) through (j) above, including but not limited to job search expenses, medical expenses, insurance expenses, missed housing payments and related expenses, in amounts to be determined at trial.

E.   Order Defendant Employer to make whole Eugenio D'Oliveira by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in Paragraph 8 (a) through (l) above, including emotional pain and suffering, anxiety, depression, stress, and loss of self-esteem, in amounts to be determined at trial.

F.   Order Defendant Employer to pay Eugenio D'Oliveira punitive damages for its

malicious and reckless conduct, as described in Paragraph 8 (a) through (l) above, in amounts to be determined at trial.

      G.     Grant such further relief as the Court deems necessary and proper in the public interest.

      H.     Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 "L" Street, N.W.
Washington, D.C. 20507

JACQUELINE H. McNAIR
Regional Attorney

TRACY HUDSON SPICER
Supervisory Trial Attorney

DAWN M. EDGE
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Philadelphia District Office
21 South 5th Street, Suite 400
Philadelphia, Pa. 19106
Telephone: (215) 440-2687
Facsimile: (215) 440-2848

8