IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　Plaintiff,<br><br>and<br><br>EUGENIO D'OLIVEIRA,<br><br>　　　　　Plaintiff Intervenor,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC.<br><br>　　　　　Defendant. | CIVIL ACTION NO.<br>06-cv-1971 (MAM)<br><br>**FILED**<br>DEC - 5 2006<br>MICHAEL E. KUNZ, Clerk<br>By_____Dep. Clerk |

### CONSENT DECREE

This action was instituted by the U.S. Equal Employment Opportunity Commission ("the EEOC" or "the Commission") on May 10, 2006, against United Parcel Service, Inc. to enforce provisions of Title I of the Americans with Disabilities Act, 42 U.S.C. §§12112 (a) and (b) ("the American with Disabilities Act"). The EEOC filed this lawsuit on behalf of Eugenio D'Oliveira, alleging that Defendant United Parcel Service, Inc. discriminated against Mr. D'Oliveira when it discharged him in violation of the American with Disabilities Act, and claimed that because of his disability, Mr. D'Oliveira was a direct threat to himself or others. UPS filed an Answer to the Complaint which denied these allegations. D'Oliveira subsequently intervened in this action.

　　B.　In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, this Consent Decree is entered into by and shall be final and binding between the EEOC and Defendant, United Parcel Service, Inc., its directors, officers, agents, employees, successors or assigns and all persons in active concert or participation with it, (hereinafter collectively referred to as "Defendant" or "UPS").



C. The EEOC and UPS agree to entry of this Consent Decree, which shall fully and finally resolve all issues and claims arising out of the Complaint filed by the EEOC in Civil Action No. 06-cv-1971.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

**NON-DISCRIMINATION AND NON-RETALIATION**

1. This Court has jurisdiction over the parties and subject matter of this action.

2. UPS is enjoined at its Horsham, Pennsylvania facility from engaging in discrimination of any employee on the basis of his disability in violation of the American with Disabilities Act, and from engaging in any employment practices which retaliate in any manner against any person, because of that person's opposition to any practice made unlawful under the Americans With Disabilities Act or because that person has made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing under the American with Disabilities Act.

3. UPS shall not divulge, directly or indirectly, to any identifiable employer or potential employer of Eugenio D'Oliveira any of the facts or circumstances related to the claims of discrimination against UPS in this case or any of the events relating to his participation in the litigation of this action.

4. Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to limit the obligations of UPS under the American with Disabilities Act or the EEOC's authority to process or litigate any charge of discrimination now pending or filed in the future against UPS.

## NON-ADMISSION

5. This Decree shall not constitute an adjudication or finding on the merits of this case and shall not be construed as an admission of liability by Defendant nor as a disavowal by the EEOC of the allegations in the Complaint.

## MONETARY RELIEF

6. UPS agrees to pay monetary relief based on the gross amount of One Hundred Thousand Dollars and Zero Cents ($100,000.00) to Eugenio D'Oliveira and his counsel to resolve his claims against UPS, inclusive of attorneys' fees and costs, and to resolve the claims arising out of the EEOC's Complaint. UPS shall issue a check payable to Mr. D'Oliveira within twenty (20) days of the Effective Date of a Release in a form upon which Mr. D'Oliveira and Defendant mutually agree. The settlement proceeds shall be tendered to Mr. D'Oliveira's counsel via UPS Next Day Air or hand delivery and a copy sent within five business days thereafter to the attention of Dawn M. Edge, Trial Attorney, EEOC, 21 South Fifth Street, Suite 400, Philadelphia, PA 19106-2515.

## NON-DISCRIMINATION AND ANTI-HARASSMENT POLICIES AND COMPLAINT PROCEDURES

7. UPS policies prohibit unlawful discrimination, harassment, and retaliation, including discrimination on the basis of disability prohibited by the Americans With Disabilities Act. UPS written policies provide that: (a) any employee who believes they have witnessed or have been subjected to discrimination or retaliation in violation of the Americans With Disabilities Act should report their concerns immediately, verbally or in writing, to a supervisor, manager, a Human Resources representative, or by calling the UPS Help Line; (b) that all reports will be promptly and thoroughly investigated, and that the results of the investigation including

any remedial actions will be promptly communicated to the complaining party; (c) that any employee who reports such concerns or otherwise participates in any such investigation will not be adversely affected or retaliated against; and (d) that UPS will take immediate corrective action where appropriate, up to and including termination of employment, for violations of its policies.

## TRAINING

8. UPS agrees to provide training to all hourly employees at its Horsham, Pennsylvania facility regarding its policies prohibiting unlawful discrimination, harassment, and retaliation, including discrimination and harassment on the basis of disability, on or before February 28, 2007.

9. UPS agrees to provide training on compliance with its policies prohibiting unlawful discrimination, harassment, and retaliation, including discrimination and harassment on the basis of disability, to all full-time management personnel at its Horsham, Pennsylvania facility within the next two (2) years.

10. Upon completion of the requirements of Paragraphs 8 and 9, counsel for UPS shall notify Dawn M. Edge, Trial Attorney, EEOC, in writing of the dates such obligations were completed.

## DISPUTE RESOLUTION

11. In the event either party to this Decree has reasonable cause to believe the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance within 20 days of the alleged non-compliance and afford the alleged non-complying party 20 business days to remedy the non-compliance or satisfy the complaining party that the alleged non-complying party has complied. If the alleged

non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within 20 business days, the complaining party may apply to the Court for appropriate relief.

## MISCELLANEOUS PROVISIONS

12. Each party to this Decree shall bear its own expenses, costs and attorneys' fees.

13. The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, successors and assigns of UPS in their capacities as representatives, agents, directors and officers of UPS and not in their individual capacities. This paragraph shall not be construed as placing any limit on remedies available to the Court in the event any individual is found in contempt for a violation of this Decree.

14. This Consent Decree shall fully and finally resolve all claims which were raised by the EEOC in its Complaint in Civil Action No. 06-cv-1971.

15. This Consent Decree shall be filed in the United States District Court for the Eastern District of Pennsylvania and shall continue in effect for two (2) years. During this time, this Court shall retain jurisdiction over this matter and the parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate its purposes. Any application by any party to modify or vacate this Consent Decree during such period shall be made by motion to the Court on no less than 30 days' notice to the other party. Should any material disputes under this Decree remain unresolved after this four year period, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Consent Decree) until such time as all disputes have been resolved.

16. The Clerk of the District Court is hereby directed to send a file-stamped copy of this Consent Decree to counsel of record.

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | UNITED PARCEL SERVICE, INC. |
| RONALD S. COOPER<br>GENERAL COUNSEL | *(signature)*<br>GARY M. TOCCI<br>JONATHAN R. NADLER<br>Reed Smith LLP<br>1650 Market Street, Suite 2500<br>Philadelphia, PA 19103<br>(215) 851-8100<br>Counsel for United Parcel Service, Inc. |
| JAMES L. LEE<br>DEPUTY GENERAL COUNSEL | |
| GWENDOLYN YOUNG REAMS<br>Associate General Counsel<br>Washington, D.C. | |

*(signature)*
JACQUELINE H. McNAIR
Regional Attorney

*(signature)*
JUDITH A. O'BOYLE
Supervisory Trial Attorney

*(signature)*
DAWN M. EDGE
Trial Attorney
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
21 S. 5th Street, Suite 400
Philadelphia PA 19106
Telephone: (215) 440-2687
Facsimile: (215) 440-2848

By the Court: *(signature)*
MARY A. McLAUGHLIN
UNITED STATES DISTRICT JUDGE

Date: 12/05/06

*(handwritten notes: 12/5/06 / faxed to: J. Tocci / mailed to: D. Edge, J. Nadler, J. Ray, J. Snider, J. McNair, J. Williamson, J. Pennington / 12/05/06)*